USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
GARLAND BRITT,

                Petitioner,

     -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

07 Civ. 9486 (RMB)

**ORDER**

**I.     Background**

On or about October 24, 2007, Garland Britt ("Britt" or "Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Government") seeking to vacate, set aside, or correct his September 15, 2005 sentence of 188 months incarceration. (Petition at 1; see also Transcript of Proceedings, Sentencing Hearing held on September 15, 2005, United States v. Britt, No. 04 Cr. 67 ("9/15/05 Sentencing Tr."), at 15.) Petitioner's sentence followed his plea of guilty, on June 23, 2005, pursuant to a plea agreement, dated June 10, 2005 ("Plea Agreement"), to (i) possession of a firearm after previously having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and (ii) possession with intent to distribute crack/cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). (See Transcript of Proceedings, Plea Allocution held on June 23, 2005, United States v. Britt, No. 04 Cr. 67 ("6/23/05 Plea Tr.")).[1]

---

[1] Following his sentencing, Petitioner appealed to the United States Court of Appeals for the Second Circuit. Petitioner's appeal was dismissed on or about July 13, 2006 (United States v. Britt, 05-5252, Mandate Issued Aug. 9, 2006 [# 41]). On or about March 20, 2007, Petitioner filed a motion to reinstate his direct appeal which was denied by the United States Court of Appeals for the Second Circuit on or about April 26, 2007. (United States v. Britt, 05-5252, Order dated April 26, 2007.)

In his Petition, Britt argues that (1) his classification as a career offender, criminal history category of VI (in the Plea Agreement and at sentencing), was erroneous[2] (Petition at 5.); and (2) counsel was ineffective because she did not argue that his criminal history category was erroneous. (Petition at 6.) Petitioner argues: "Two prior felony convictions (March 18, 1994) and (December 12, 1994) were used to determine my criminal history category. However only one of those convictions involved possession with intent to sell (3/18/1994). The second conviction involved possession with intent to use." (Petition at 5.) In his Reply, filed on or about March 25, 2008, Petitioner states he "filed this § 2255 habeas corpus motion because I believed the original sentencing in this [] case, 188 months, was not warranted as I believed [] my designation as a career offender was erroneous. I based that contention upon my recollection that one of the two prior convictions relied upon by the US Attorney . . . did not involve possession with intent to sell but simply possession with intent to use." ("Reply" at 1.) "I have since received from the clerk of the Supreme Court of the State of New York, New York County, the transcript of my plea agreement hearing involving the charge that was disposed of on Nov. 16, 1994 [] as well as a copy of the indictment for that charge []. I represent to the court that these documents **are not** consistent with my previous recollection of those events." (Reply at 1-2.) (emphasis added) "[A]fter reviewing [the transcript of plea agreement hearing and sentencing hearing dated November 16, 1994 and December 12, 1994 respectively; Indictment 4870/1994; certificates of disposition for 4870-94 and 8629-93] . . . it is clear that my agreement to accept the plea with respect to the May 20, 1994 charges – a plea that involved . . . possession

---

[2] United States Sentencing Guidelines ("USSG") § 4B1.1 states: A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

with intent to sell - - was in return for the agreement by the District Attorney in New York to have the sentence for that case run concurrent with the sentence for the 1993 case [attempted criminal sale of a controlled substance]." (Reply at 5.) "**I did enter a plea to possession of a []  controlled substance and I did agree to admit possession with intent to sell.**" (Reply at 3) (emphasis added.) Petitioner also asks this Court reconsider his sentence in light of the factors in 18 U.S.C. § 3553(a). (Reply at 10.)[3]

By Opposition dated December 28, 2007, the Government states the Petitioner waived his right to file a 28 U.S.C. § 2255 petition and that the Petition should (also) be denied on its merits. ("Govt. Opp." at 1.) "[I]n the plea agreement into which [Britt] voluntarily entered, Britt waived his right to challenge his conviction, either on direct appeal or collaterally via a motion pursuant to 28 U.S.C. § 2255." (Govt Opp. at 1.) "Moreover, on its merits, Britt's motion should be denied because his contention that he should not have been adjudicated a 'career offender' under the United States Sentencing Guidelines is incorrect. The defendant's December 12, 1994 conviction was not for mere 'possession with intent to use' but was actually for criminal possession of a controlled substance in the fifth degree with intent to sell, which is a 'controlled substance offense' within the meaning of U.S.S.G. §§ 4[B]1.1 and 4[B]1.2(b)." (Govt Opp. at 1-2.) By letter dated June 13, 2008, the Government also argues that Petitioner has "conceded, as he must, that his [1994] Conviction was for possession with intent to sell" and that the "Conviction was properly considered a 'controlled substance offense,' and therefore properly used to determine Petitioner's 'career offender' status under the [United States Sentencing] Guidelines." ("Govt. Sur-Reply" at 2.)

---

[3] Petitioner also asks the Court to resentence him in light of recent amendments to the USSG relating to crack cocaine. See USSG § 1B1.10. That application is the subject of a separate proceeding (and conference) scheduled for September 25, 2008.

3

## II. Legal Standard

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

"In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997); see also United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996) ("[A] defendant's right to appeal his sentence may be waived in a plea agreement.").

To prove that counsel was ineffective, a petitioner must demonstrate first, that his attorney's conduct fell outside the wide range of professionally competent assistance, and, second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," as there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Failure to make a meritless argument does not amount to ineffective assistance." United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Where, as here, a petitioner is proceeding pro se, "the Court will apply a lenient standard in construing his claims." Sash v. Dudley, No. 05 Civ. 7498, 2006 WL 997256, at *1 n.18 (S.D.N.Y. Apr. 17, 2006).

**For the reasons set forth below, the Petition is denied.**

### III. Analysis

**Waiver of Appeal**

In the Plea Agreement, Petitioner agreed that he is a "career offender"; that his "Criminal History Category is VI"; and that his "stipulated Guidelines range is 188 to 235 months". (Plea Agreement at 4.) Petitioner also waived his right to appeal. (See Plea Agreement at 5. ("It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (188 to 235 months)")). During his plea allocution on June 23, 2005, Petitioner confirmed, among other things, that (1) he discussed the Plea Agreement carefully with his attorney before signing it (6/23/05 Plea Tr at 16.); (2) that he was entering the guilty plea voluntarily (6/23/05 Plea Tr. at 16-17.); and (3) that he understood the waiver of appeal provision of the Plea Agreement (6/23/05 Plea Tr. at 16-17.).

Petitioner's knowing and voluntary waiver of his right to appeal is enforceable. See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements".)

**Career Offender Category**

Petitioner was correctly classified as a career offender as he had two prior convictions (i.e., his March 18, 1994 conviction for attempted criminal sale of a controlled substance in the third degree (based upon a 1993 arrest) and his December 12, 1994 conviction for criminal possession of a controlled substance in the fifth degree (based upon a 1994 arrest)) for controlled substance offenses. See USSG § 4B1.1; see also Reply Ex.1 at 3,7, 9, and 10; Reply Ex. 4 and Reply Ex. 5. Petitioner acknowledges that the Court properly determined that the Petitioner was classified as a Career Offender, stating that [on or about November 16, 1994] "I did enter a plea to possession of a small quantity of controlled substance and I did agree to admit possession with

5

intent to sell as part of an overall plea agreement with District Attorney for New York." (Reply at 3.) See also Reply Ex. 1 at 7:16-23 (Court: "At the time you were arrested on [May 20, 1994], did you have some drugs in your possession?" Britt: "Yes, I did." Court: "What was it that you had?" Britt: "I had heroin and cocaine." Court: "And, did you possess those items, cocaine, under the first count, with intent to sell it?" Britt: "Yes, your Honor.").

**Ineffective Assistance of Counsel**

As noted, Petitioner now admits that he erroneously stated [in the Petition] that his prior conviction for the plea entered on November 16, 1994 did not involve intent to sell. Indeed, Petitioner has provided the Court with copies of state records which show (irrefutably) that he was correctly classified as a career offender.

Counsel was not ineffective for failing to raise career offender status as an issue. See Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) ("Because . . . the jury instructions were not improper, the failure of Petitioner's trial counsel to object or request an additional instruction was not objectively unreasonable.")

The Court also notes that at the time of sentencing, defense counsel (strenuously) argued for a sentence outside the stipulated guidelines range of 188 to 235 months based upon the factors set forth in 18 U.S.C. § 3553(a). See 9/15/05 Sentencing Tr. at 6-9. The Court determined that the offense level was 34, the Criminal History Category was VI, and that the sentencing guideline range was, in fact, 262 to 327 months. (9/15/05 Sentencing Tr. at 4.) During sentencing, the Court stated: "I think I have endeavored to consider all of the factors set forth as I have indicated at 18, United States Code, Section 3553(a) and having considered all of them, and also having concluded that a guideline sentence would be appropriate but that in this case the guidelines calculation which gets you to 262 months of incarceration at a minimum,

with a maximum of 327, warrants a departure downward, and that is I think the appropriate thing to do again, as I say, based on some of the criminal history [] which is over 20 years old, based on medical issues that I referred to, and based on the understanding of the parties in their plea agreement which indicated that a stipulated guideline range of 188 to 235 months was their stipulation." (9/15/05 Sentencing Tr. at 12:4-17.)

### IV.    Certificate of Appealability

The Court declines to grant Petitioner a certificate of appealability as Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

### V.    Conclusion

For the reasons stated herein, the Petition is denied. The Clerk of the Court is respectfully requested to close this case.

Dated:  New York, New York
         August 12, 2008

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.